IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

VINCENT ELLIOT WILSON,
    Plaintiff,

v.                                                            Civil No. 3:22cv690 (DJN)

TABRAHA,
    Defendant.

**MEMORANDUM OPINION**
**(Dismissing Action Without Prejudice)**

Vincent Elliot Wilson, a Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation of Wilson's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons stated below, the Complaint (ECF No. 1) and the action will be DISMISSED.

## I.    PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D.

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law. . . .

42 U.S.C. § 1983.

Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive

dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS AND CLAIMS

In his Complaint, Wilson names as Defendant, "Tabraha AKA Tou-Tou" who is the accountant at the Arlington County Detention Center. (ECF No. 1, at 1.) Wilson alleges the following:[2]

> Approximately, on June 14, 2022, at 12:58 p.m., the Defendant made my mail certified without my permission taking my funds when I specifically asked for it to be first-class which constitutes cruel and unusual punishment in violation of the Eighth Amendment.
> August 3, 2022, I tried to send a check to file a lawsuit in the D.C. Courts and told Defendant to make it payable to the clerk and she messed it up in error resulting in abuse of process and cruel and unusual punishment in violation of the Eighth Amendment.
> September 15, 2022, I tried to send a check home and it wasn't done and I didn't get my property release form until September 30, 2022, and it was without the address[ed] envelope that I had attached. Also, I tried to send a check to a book company and it was messed up. All above is cruel and unusual punishment in violation of the Eighth Amendment and constitutes a tort under negligence for keep messing my stuff up.

(*Id.* at 4.) Wilson asks for monetary damages. (*Id.* at 5.)

---

[2] The Court employs the pagination assigned to the Complaint by the CM/ECF docketing system. The Court corrects the capitalization, spelling, and punctuation in the quotations from the Complaint.

## III. ANALYSIS

It is both unnecessary and inappropriate to engage in an extended discussion of Wilson's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). Wilson's Complaint will be dismissed for failing to state a claim for relief and as frivolous.

### A. Fourteenth Amendment Claim

First, because Wilson was likely a pretrial detainee and not a convicted prisoner at the time he was subject to these conditions, the Fourteenth Amendment, not the Eighth Amendment, governs his claims of unconstitutional conditions of confinement. *Goodman v. Barber*, 539 F. App'x 87, 89 (4th Cir. 2013). "Due process requires that a pretrial detainee not be punished." *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *see Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988). However, "not every inconvenience encountered during pretrial detention amounts to 'punishment' in the constitutional sense." *Martin*, 849 F.2d at 870 (citation omitted).

"The due process rights of a pretrial detainee are at least as great as the eighth amendment protections available to the convicted prisoner." *Id.* at 870. Eighth Amendment jurisprudence "teaches that punishment, whether for a convicted inmate or a pretrial detainee, is the product of intentional action, or intentional inaction, respecting known and *substantial* risks of harm." *Westmoreland v. Brown*, 883 F. Supp. 67, 72 (E.D. Va. 1995) (emphasis in original) (citing *Farmer v. Brennan*, 511 U.S. 825, 837–38 (1994)). Additionally, "a particular condition constitutes punishment only where it *causes* physical or mental injury." *Id.* at 76 (emphasis in original). Thus, when a detainee challenges his conditions of confinement, "[t]o successfully assert a claim of punishment without due process under the Fourteenth Amendment, an inmate must assert not only that the defendants were deliberately indifferent to the substantial risk of

4

harm posed by [the challenged condition], but also that this deliberate indifference *caused* a physical or emotional injury." *Id.* (emphasis in original).

The Court need not engage in an extensive analysis of this claim. Wilson contends that Defendant Tabraha "made my mail certified without my permission taking my funds when I specifically asked for it to be first-class," and "messed up" checks to be sent to people outside the jail. (ECF No. 1, at 4.) Wilson fails to allege facts that would plausibly suggest that by "messing up" his mail and checks on a few occasions, Defendant Tabraha subjected him to any risk of harm, much less a substantial risk of harm. In sum, Wilson fails to allege facts that would plausibly suggest a violation of his Fourteenth Amendment rights. Accordingly, Wilson's claim will be DISMISSED as legally frivolous and for failure to state a claim.[3]

### IV. CONCLUSION

Wilson's constitutional claim will be DISMISSED for failure to state a claim and as frivolous. Wilson's negligence claim will be DISMISSED WITHOUT PREJUDICE. The action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Wilson.

                                                                     /s/
                                        David J. Novak
                                        United States District Judge

Richmond, Virginia
Dated: July 27, 2023

---

[3] Generally, pendant state law claims should be dismissed if the federal claims are dismissed before trial. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). In light of the preliminary dismissal of the federal claim and the vagueness of Wilson's state law claim of negligence, the Court declines to exercise its discretion to retain the state tort claim. *See Jenkins v. Weatherholtz*, 909 F.2d 105, 110 (4th Cir. 1990). Accordingly, Wilson's vague negligence claim will be DISMISSED WITHOUT PREJUDICE.